[Cite as *State v. Macksyn*, 2013-Ohio-1649.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
|     Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Sheila G. Farmer, J. |
| -vs- | |
| | Case No. 2012CA00140 |
| DELANOR L. MACKSYN | |
|     Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Stark County Court of Common Pleas, Case No. 2011CR1494

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      April 22, 2013

APPEARANCES:

For Plaintiff-Appellee                      For Defendant-Appellant

JOHN D. FERRERO,
PROSECUTING ATTORNEY,
STARK COUNTY, OHIO

BY: KATHLEEN O. TATARSKY
Assistant Prosecuting Attorney
Appellate Section
110 Central Plaza, South – Suite 510
Canton, Ohio 44702-1413

BERNARD L. HUNT
2395 McGinty Rd NW
North Canton, Ohio 44720

*Hoffman, J.*

{¶1} Defendant-appellant Delanor Lamar Macksyn appeals his conviction and sentence entered by the Stark County Court of Common Pleas. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} At all times pertinent herein, A.L. a fifteen year-old female, lived with her mother and Appellant. On June 9, 2011, A.L. informed her mother she planned to run away, disclosing to her mother Appellant had had sex with her. A.L.'s mother did not believe her, but took her to Affinity Medical Center where she was seen and told to go to Akron Children's Hospital for a SANE (Sexual Assault Nurse Examiner) nurse examination. A.L.'s mother then left the hospital subsequently against medical advice. The hospital subsequently reported the incident to Child Protection Services and the Canton Police Department.

{¶3} As a result of a follow up call from Child Protection Services, A.L.'s mother took her to the Children's Network the following day. A.L. was interviewed and physically examined. A.L., then in the ninth grade, disclosed Appellant had engaged in sexual conduct with her since eighth grade. She stated he would ejaculate and wipe himself off.

{¶4} As a result of A.L.'s statements, samples were taken of A.L.'s fingernail clippings, blood, saliva, specimens from her vagina, perianal and anal area, the inside of both cheeks, a strand of head hair and pubic hair and a sexual assault kit was developed. The kit was then turned over to the Stark County Crime Laboratory.

{¶5}    As a result of the allegations, the residence where Appellant and A.L. lived was searched.  The comforter and two sheets were taken from A.L.'s bed, black shorts, and some paper towels.  A DNA standard was also obtained from Appellant.

{¶6}    On July 13, 2011, Michelle Foster of the Stark County Crime Laboratory tested the sexual assault kit and determined the sperm present on the vaginal swab taken from A.L. matched Appellant's DNA profile to a probability of 1 in 2.675 sextillion, a very rare profile.  Foster opined with the exception of an identical twin, Appellant was the source of the semen from the vaginal swabs in A.L.'s sexual assault kit.  The sperm from the anal-perianal swabs matched Appellant's DNA source to a probability of 1 in 31.3 quadrillion, again a rare profile.  Foster further opined the sperm bands were intact, and sex was recent.

{¶7}    Appellant was indicted by the Stark County Grand Jury on five counts of unlawful sexual conduct with a minor, a violation of R.C. 2907.04(A)(B)(3).  The State subsequently dismissed two counts finding the evidence only supported three incidents of sexual conduct.  Following a jury trial, Appellant was convicted of the charges.  The trial court sentenced Appellant to sixty months in prison on each of the three counts to be served consecutively for a total of 180 months in prison or fifteen years.  The trial court further designated Appellant a Tier II sexual offender.

{¶8}    Appellant now appeals, assigning as error,

{¶9}    "I. THE APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF HIS TRIAL COUNSEL WHEN COUNSEL FAILED TO OBJECT AND REQUEST A HEARING ON THE INTERVIEW HELD AT THE CHILD ADVOCACY CENTER BY C.J. CROSS AS MANDATED BY STATE V. ARNOLD.

**{¶10}** "II. THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S RULE 29, MOTION TO DISMISS THE INCIDENTS OF CHRISTMAS 2010 AND SPRING OF 2011."

I.

**{¶11}** In the first assignment of error, Appellant asserts he was denied the effective assistance of counsel because his counsel failed to object to and request a hearing on the victim's interview conducted at the child advocacy center, the Children's Network.

**{¶12}** A claim of ineffective assistance of counsel requires a two-prong analysis. The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052 (1984); *State v. Bradley,* 42 Ohio St.3d 136, 538 N.E.2d 373 (1989).

**{¶13}** In order to warrant a finding that trial counsel was ineffective, the petitioner must meet *both* the deficient performance and prejudice prongs of *Strickland* and *Bradley. Knowles v. Mirzayance,* 556 U.S. 111, 129 S.Ct. 1411, 1419, 173 L.Ed.2d 251(2009).

**{¶14}** To show deficient performance, appellant must establish that "counsel's representation fell below an objective standard of reasonableness." *Strickland,* 466 U.S. at 688, 104 S.Ct. at 2064. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064. Counsel also has a duty to

bring to bear such skill and knowledge as will render the trial a reliable adversarial testing process. *Strickland,* 466 U.S. at 688, 104 S.Ct. 2052 at 2065.

{¶15} Thus, a court deciding an ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. In making that determination, the court should keep in mind counsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in the particular case. At the same time, the court should recognize counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.  *Strickland* 466 U.S. 668 at 689,104 S.Ct. at 2064.

{¶16} In light of "the variety of circumstances faced by defense counsel [and] the range of legitimate decisions regarding how best to represent a criminal defendant," the performance inquiry necessarily turns on "whether counsel's assistance was reasonable considering all the circumstances." *Strickland,* 466 U.S. 668 at 689,104 S.Ct. at 2064. At all points, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Strickland,* 466 U.S. 668 at 689,104 S.Ct. at 2064.

{¶17} An appellant must further demonstrate he suffered prejudice from his counsel's performance. See *Strickland,* 466 U.S. at 691 ("An error by counsel, even if

professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment"). To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694. To prevail on his ineffective-assistance claim, appellant must show, therefore, that there is a "reasonable probability" that the trier of fact would not have found him guilty.

**{¶18}** Appellant maintains his trial counsel was ineffective in failing to request a hearing to determine if the victim interview was primarily forensic in nature; rather than for the purpose of medical diagnosis, pursuant to *State v. Arnold* (2010), 126 Ohio St.3d 290, 2010-Ohio-2742. Second, he asserts counsel failed to subpoena C.J. Cross, the social worker who conducted the interview. Third, he claims counsel failed to object to the lack of a tape or transcript of the interview.

**{¶19}** In *State v. Arnold,* supra, the Ohio Supreme Court held,

**{¶20}** "We hold that statements made to interviewers at child-advocacy centers that are made for medical diagnosis and treatment are nontestimonial and are admissible without offending the Confrontation Clause. Thus, we affirm the judgment of the court of appeals to the extent that M.A.'s statements to Marshall for the purpose of medical treatment and diagnosis were properly admitted. We further hold that statements made to interviewers at child-advocacy centers that serve primarily a forensic or investigative purpose are testimonial and are inadmissible pursuant to the Confrontation Clause when the declarant is unavailable for cross-examination at trial. "

{¶21} Here, a review of the record demonstrates A.L. testified at trial and was available for cross-examination at trial. Therefore, Appellant's right to confront A.L. relative to statements made by A.L. has not been violated; and the statements are not hearsay. While Appellant's counsel failed to subpoena C.J. Cross, the social worker who conducted the interview, we find the outcome of the trial would not have been otherwise but for the alleged error. Further, Appellant has not demonstrated prejudice as a result of the state's failure to provide a tape or transcripts of the proceedings.

{¶22} The first assignment of error is overruled.

II.

{¶23} In the second assignment of error, Appellant argues the trial court erred in denying his Criminal Rule 29 motion to dismiss the incidents during Christmas 2010, and Spring of 2011.

{¶24} In determining whether a trial court erred in overruling an appellant's motion for judgment of acquittal, the reviewing court focuses on the sufficiency of the evidence. *See, e.g., State v. Carter,* 72 Ohio St.3d 545, 553, 651 N.E.2d 965, 974(1995); *State v. Jenks,* 61 Ohio St.3d 259, 273, 574 N.E.2d 492(1991).

{¶25} Appellant was convicted of unlawful sexual conduct with a minor, in violation of R.C. 2907.04(A), which states:

{¶26} "(A) No person who is eighteen years of age or older shall engage in sexual conduct with another, who is not the spouse of the offender, when the offender knows the other person is thirteen years of age or older but less than sixteen years of age, or the offender is reckless in that regard."

**{¶27}** Determinations regarding the credibility of witnesses and the weight of the testimony are primarily for the trier of fact. *State v. Bradley,* 8th Dist. No. 97333, 2012–Ohio–2765, ¶ 14, citing *State v. DeHass,* 10 Ohio St.2d 230, 227 N.E.2d 212 (1967). The trier of fact is best able "to view the witnesses and observe their demeanor, gestures, and voice inflections, and use these observations in weighing the credibility of the proffered testimony." *State v. Wilson,* 113 Ohio St.3d 382, 2007–Ohio–2202, 865 N.E.2d 1264, ¶ 24. The trier of fact may take note of any inconsistencies and resolve them accordingly, "believ[ing] all, part, or none of a witness's testimony." *State v. Raver,* 10th Dist. No. 02AP–604, 2003–Ohio–958, ¶ 21, citing *State v. Antill,* 176 Ohio St. 61, 67, 197 N.E.2d 548 (1964).

**{¶28}** Here, A.L. testified to the location of the abuse, describing the sexual acts in detail as committed by Appellant.  Appellant essentially tries to attack the credibility of A.L.'s testimony, but we find Appellant has not demonstrated the jury lost its way in reaching its decision.

**{¶29}** Accordingly, the trial court did not err in overruling Appellant's Criminal Rule 29 motion for acquittal.

**{¶30}** The second assignment of error is overruled.

{¶31} Appellant's conviction in the Stark County Court of Common Pleas is affirmed.

By: Hoffman, J.

Gwin, P.J.  and

Farmer, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin_____
HON. W. SCOTT GWIN


s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| DELANOR L. MACKSYN | : | |
| | : | |
| Defendant-Appellant | : | Case No. 2012CA00140 |

For the reasons stated in our accompanying Opinion, Appellant's conviction in the Stark County Court of Common Pleas is affirmed. Costs to Appellant.

s/ William B. Hoffman _____
HON. WILLIAM B. HOFFMAN

s/ W. Scott Gwin _____
HON. W. SCOTT GWIN

s/ Sheila G. Farmer _____
HON. SHEILA G. FARMER