[Cite as *State v. Macksyn*, 2016-Ohio-2616.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J.<br>Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| Plaintiff-Appellee | |
| -vs- | Case No. 2015CA00175 |
| DELANOR L. MACKSYN | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING: Appeal from the Stark County Court of Common Pleas 2011CR1494

JUDGMENT: Affirmed

DATE OF JUDGMENT ENTRY: April 18, 2016

APPEARANCES:

For Plaintiff-Appellee

JOHN D. FERRERO
PROSECUTING ATTORNEY
STARK COUNTY, OHIO

By: KATHLEEN O. TATARSKY
Assistant Prosecuting Attorney
Appellate Section
110 Central Plaza, South – Suite 510
Canton, Ohio 44702-1413

For Defendant-Appellant

DELANOR L. MACKSYN, PRO SE
Inmate No. 630-192
MARION CORRECTIONAL INSTITUTION
P.O. BOX 57
Marion, Ohio 43301

*Hoffman, P.J.*

{¶1} Defendant-appellant Delanor L. Macksyn appeals the August 25, 2015 Judgment Entry entered by the Stark County Court of Common Pleas denying his motion to waive costs. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE CASE[1]

{¶2} On June 24, 2012, Appellant was convicted in the Stark County Court of Common Pleas on three counts of unlawful sexual conduct with a minor, a violation of R.C. 2907.04(A)(B)(3). On June 18, 2012, the trial court sentenced Appellant to sixty months in prison on each of the three counts with each count to be served consecutively, for a total of 180 months in prison or a term of fifteen years. The trial court further designated Appellant a Tier II sexual offender.

{¶3} Appellant timely appealed his conviction and sentence arguing ineffective assistance of counsel and failure to dismiss the indictment regarding two incidents. Appellant did not challenge the trial court's order to pay costs found in the June 18, 2012 Sentencing Entry. This Court affirmed Appellant's conviction and sentence. *State v. Macksyn,* Stark App. No. 2012CA00140, 2013-Ohio-4657, 137 Ohio St3d. 1456.

{¶4} On October 1, 2012, the Stark County Clerk of Courts itemized the costs and issued a statement of costs to Appellant at Marion Correctional Institution.

{¶5} On August 21, 2015, Appellant filed a motion with the trial court requesting a hearing to waive payment of court costs and an affidavit of indigency.

{¶6} The trial court denied the motion via Judgment Entry of August 25, 2015.

---

[1] A rendition of the underlying facts is unnecessary for the resolution of this appeal.

**{¶7}** Appellant appeals, assigning as error,

**{¶8}** THE TRIAL COURT ERRED WHEN IT DID NOT NOTIFY APPELLANT OF THE IMPOSITION [SIC] COSTS OF PROSECUTION AT THE SENTENCING HEARING VIOLATING OHIO R CRIM R. 43(A) AND THE U.S. 14TH AMENDMENT DUE PROCESS.

**{¶9}** THE TRIAL COURT VIOLATED STARK COUNTY COURT OF COMMON PLEAS GENERAL DIVISION 10:03 AND CRIM. R. 47 BY ISSUING RULING WITHOUT GIVING THE STATE AN OPPORTUNITY TO RESPOND, THUS ALSO VIOLATING 6TH AMENDMENT FAIR TRIAL.

I.

**{¶10}** Appellant maintains the trial court erred in not notify him of the imposition of costs in open court at sentencing, but including costs in the trial court's June 18, 2012 Sentencing Entry.

**{¶11}** A motion by an indigent criminal defendant for waiver of payment of costs must be made at the time of sentencing. *State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905. Appellant cites *State v. Joseph,* 125 Ohio St.3d 76, holding it is reversible error for the trial court to impose costs in its sentencing entry when it did not impose those costs in open court at sentencing. However, *Joseph* was decided on direct appeal. Appellant did not raise the issue of court costs at trial or on direct appeal. Therefore, his claim is barred by res judicata as the issue was capable of being raised on direct appeal.

**{¶12}** The first assignment of error is overruled.

II.

**{¶13}** In the second assignment of error, Appellant asserts the trial court erred by issuing a ruling without providing the State of Ohio an opportunity to respond to Appellant's affidavit of indigency, in violation of the trial court's local rules. Specifically, Appellant cites Stark County General Division Rule 10.03 providing a party opposing a motion shall serve and file a brief written statement of reasons in opposition to the motion within 14 days after service.

**{¶14}** Upon review, the failure of the state to oppose the motion does not rise to a constitutional violation, and the purpose of the local rule is to benefit the opposing party. Accordingly, we find Appellant lacks standing to assert the argument as any prejudice caused by the trial court's failure would be to the State, not Appellant.

**{¶15}** The second assignment of error is overruled.

**{¶16}** The August 25, 2015 Judgment Entry of the Stark County Court of Common Pleas is affirmed.

By: Hoffman, P.J.

Wise, J. and

Baldwin, J. concur