[Cite as *State v. Gilbert*, 2016-Ohio-8308.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 104355**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JAMAL A. GILBERT

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-15-599113-A

**BEFORE:** E.T. Gallagher, P.J., Laster Mays, J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** December 22, 2016

**ATTORNEY FOR APPELLANT**

Susan J. Moran
55 Public Square
Suite 1616
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    Glen Ramdhan
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN T. GALLAGHER, P.J.:

**{¶1}** Defendant-appellant, Jamal Gilbert ("Gilbert"), appeals the trial court's order requiring him to pay court costs and expenses.   He raises one assignment of error:

> The trial court erred, in an abuse of discretion, by imposing court costs and expenses against an indigent defendant.

**{¶2}** We find no merit to the appeal and affirm.

## I.   Facts and Procedural History

**{¶3}** Gilbert pleaded guilty to two counts of trafficking in violation of R.C. 2925.03(A)(2).   The court sentenced him to two, nine-month prison terms, to be served concurrently.   The following exchange took place at the sentencing hearing regarding costs and expenses.

> THE COURT:  I'll have you pay costs and expenses of the case, but you can do that by doing community work service while you're in prison if they have that available to you.   And if you take advantage of that you can work off the costs and expenses while you're in prison.
>
> If you do not do that, the costs and expenses will be deferred until you're on post-release control if that's the case.   If not, you'll just have to sign a cognovit note for the balance.
>
> *    *    *
>
> THE DEFENDANT: Yeah, if possible, could you get my court costs waived?   I know for sure * * * they ain't waived when I'm in prison.
>
> THE COURT: Well, they have been waived while you're in prison.   You can either do community work service and work them off while you're in prison, which many of the prisons have programs to do that.   So you'll get credit for your work in prison toward those costs. * * * But if you don't work it off in prison and you get out, you'll have to pay it while you're on

post-release control if you're on, otherwise, you have to sign a cognovit note.

(Tr. 33.) The sentencing entry states, in relevant part: "The defendant is ordered to perform CCWS[1] in lieu of: paying costs, paying fees." Gilbert appeals this order.

## II. Law and Analysis

**{¶4}** In the sole assignment of error, Gilbert argues the trial court abused its discretion by ordering him to pay court costs and expenses when he is indigent.

**{¶5}** R.C. 2947.23(A)(1) governs judgments for costs and jury fees and states, in relevant part: "In all criminal cases * * * the judge * * * shall include in the sentence the costs of prosecution * * * and render a judgment against the defendant for such costs." Thus, a sentencing court must include the costs of prosecution in the sentence and render a judgment against the defendant for costs, even if the defendant is indigent. *State v. White*, 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393, ¶ 8.

**{¶6}** However, in its discretion, a trial court may waive court costs if the defendant is indigent. *State v. Brown*, 8th Dist. Cuyahoga No. 103427, 2016-Ohio-1546, ¶ 13. The discretion to waive court costs includes the discretion not to waive them. *Id.*

**{¶7}** Gilbert argues the trial court failed to consider his ability to pay costs before imposing them as part of his sentence in violation of R.C. 2929.18(E). However, R.C. 2929.18 governs financial sanctions, whereas R.C. 2947.23 governs court costs and expenses.

---

[1] CCWS stands for community work service. (Tr. at 30.)

**{¶8}** Moreover, despite Gilbert's statements to the contrary, R.C. 2929.18(E) does not require the court to consider the defendant's ability to pay. R.C. 2929.18(E) states: "A court that imposes a financial sanction upon an offender *may* hold a hearing if necessary to determine whether the offender is able to pay the sanction or is likely in the future to be able to pay it." (Emphasis added.) Thus, the trial court has discretion to hold a hearing to determine whether an indigent defendant is able or likely to pay a financial sanction. It is not mandatory.

**{¶9}** Although Gilbert was unemployed at the time of the sentencing hearing, he informed the court that he had held at least three prior jobs as a line cook at various local restaurants. Additionally, Gilbert was only 29 years old, and there is no evidence that he was disabled in any fashion that might preclude him from working in the future. Furthermore, R.C. 2947.23 authorizes the imposition of court costs against all criminal defendants irrespective of their financial status, and the court gave Gilbert the option to work off his court costs while incarcerated. Under these circumstances, we find no abuse of discretion in the court's decision to impose court costs as part of Gilbert's sentence.

**{¶10}** The sole assignment of error is overruled.

**{¶11}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

EILEEN T. GALLAGHER, PRESIDING JUDGE

ANITA LASTER MAYS, J., and
FRANK D. CELEBREZZE., JR., J., CONCUR