[Cite as *State v. Macksyn*, 2017-Ohio-9120.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | Case No. 2017CA00158 |
| DELANOR L. MACKSYN | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Stark County Common
Pleas Court, Case No. 2011CR1494

JUDGMENT:      Affirmed in part, Reversed and
Remanded for New Sentencing Entry

DATE OF JUDGMENT ENTRY:      December 18, 2017

APPEARANCES:

For Plaintiff-Appellee      For Defendant-Appellant

JOHN D. FERRERO      DELANOR L. MACKSYN, PRO SE
Prosecuting Attorney,      Inmate No. A630-192
Stark County, Ohio      Marion Correctional Institution
     P.O. Box 57
By: KATHLEEN O. TATARSKY      Marion, Ohio 43301
Assistant Prosecuting Attorney
Appellate Section
110 Central Plaza, South – Suite 510
Canton, Ohio 44702

*Hoffman, P.J.*

**{¶1}** Appellant Delanor L. Macksyn appeals the judgment entered by the Stark County Common Pleas Court overruling his motion for reconsideration of sentence. Appellee is the State of Ohio.

STATEMENT OF THE CASE[1]

**{¶2}** In 2012, Appellant was convicted of three counts of unlawful sexual conduct with a minor (R.C. 2907.04(A)(B)(3)) following jury trial in the Stark County Common Pleas Court. He was sentenced to sixty months incarceration on each count, to be served consecutively, for a total of 180 months (fifteen years). His convictions were affirmed by this Court on direct appeal. *State v. Macksyn,* 5th Dist. Stark No. 2012CA00140, 2013-Ohio-1649.

**{¶3}** On July 28, 2017, Appellant filed a motion for reconsideration of his sentence. He argued the trial court failed to inform him of his right to appeal; failed to inform him of postrelease control, the consequences of violating postrelease control, and failed to incorporate the imposition of postrelease control into the sentencing entry; failed to make findings to support the imposition of consecutive sentences; and improperly sentenced him on a count on which he was acquitted. The court summarily overruled the motion. Appellant prosecutes his appeal from this August 1, 2017 judgment of the court, assigning as error:

---

[1] A rendition of the facts is unnecessary for our disposition of this appeal.

I.  THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT FAILED TO NOTIFY APPELLANT OF HIS RIGHTS TO APPEAL CRIM. R. 32(B) VIOLATING HIS DUE PROCESS.

II.    THE TRIAL JUDGE VIOLATED THE APPELLANT'S DUE PROCESS OF LAW WHEN IMPOSING MAXIMUM AND CONSECUTIVE SENTENCES WITHOUT THE AUTHORITY TO ACT.

III.    THE TRIAL COURT ERRED IN IMPROPERLY IMPOSING POST-RELEASE CONTROL AT THE SENTENCING HEARING AND FAIL [SIC] TO INCORPORATE POST-RELEASE CONTROL INTO ITS SENTENCING ENTRY THUS VIOLATING APPELLANT'S DUE PROCESS.

IV.    THE APPELLANT WAS DENIED DUE PROCESS AND PROTECTION FROM DOUBLE JEOPARDY WHEN THE INDICTMENT FAILED TO DIFFERENTIATE WHICH INCIDENTS PLACED TO WHICH COUNTS AS CHARGED.

I.

{¶4}    Appellant argues the court erred in failing to notify him of his right to appeal. Appellant prosecuted a direct appeal of his conviction and sentence to this Court, and any failure to notify him of his right to appeal is thereby rendered moot.

{¶5}    The first assignment of error is overruled.

II.

{¶6} Appellant argues the court failed to make proper findings to impose consecutive and maximum sentences, and the record does not support the imposition of maximum and consecutive sentences.

{¶7} Pursuant to the doctrine of res judicata, a final judgment of conviction bars a defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process which was raised or could have been raised by the defendant at the trial which resulted in the judgment of conviction, or on an appeal from the judgment. *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104, paragraph nine of the syllabus (1967). Because Appellant could have raised this issue on direct appeal, it is now barred by res judicata.

{¶8} The second assignment of error is overruled.

III.

{¶9} In his third assignment of error, Appellant argues the court erred in the imposition of postrelease control.

{¶10} When the court fails to properly impose statutorily mandated postrelease control as part of a defendant's sentence, the postrelease control sanction is void, and may be reviewed at any time, on direct appeal or by collateral attack. *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, ¶ 7 (2013).

{¶11} Appellant first argues the court erred in imposing a "lump sum" of five years postrelease control, citing *State v. Powell,* 4th Dist. Athens Nos. 14CA31 & 14CA45, 2017-Ohio-2068. However, *Powell* is distinguishable from the instant case, as it dealt with the failure to enter a sentence as to each count, and instead lumping all counts

together for sentencing. In the instant case, Appellant was sentenced independently as to each count to five years incarceration.

**{¶12}** Appellant argues he was not properly informed of postrelease control. The court stated at the sentencing hearing:

THE COURT: Brings in the issue of post-release control. You violate the terms of adult parole authority, they will impose a prison term not to exceed nine months. If there is multiple violations, a prison term not to exceed one half of your original sentence. That will be a mandatory period of five years on all three counts. You can apply for earned credit. That will be – it cannot exceed 8 percent.

**{¶13}** Pursuant to R.C. 2967.28(B)(1), Appellant was subject to a mandatory period of postrelease control of five years for a felony sex offense. Further, "Periods of post-release control shall be served concurrently and shall not be imposed consecutively to each other." R.C. 2967.28(F)(4)(c). Therefore, the trial court accurately informed Appellant he was subject to a mandatory period of five years postrelease control on all three counts.

**{¶14}** Appellant also argues the court failed to include his postrelease control sanction in the sentencing entry. We agree. However, when the notification of postrelease control was properly given at the sentencing hearing, the essential purpose of notice has been fulfilled and there is no need for a new sentencing hearing. *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, ¶ 24. The court can

correct the original sentencing entry to reflect what actually took place at the sentencing hearing through a nunc pro tunc entry, as long as the correction is accomplished prior to the defendant's completion of his prison term. *Id.* Because Appellant was properly notified of postrelease control at the sentencing hearing, the trial court can correct the original sentencing entry to include imposition of postrelease control through a nunc pro tunc entry.

**{¶15}** The third assignment of error is sustained only as to the trial court's failure to include postrelease control in the sentencing entry, and the remainder is otherwise overruled.

IV.

**{¶16}** In his fourth assignment of error, Appellant argues the indictment failed to differentiate which incidents related to which counts as charged. Appellant could have raised this issue on direct appeal, and it is therefore barred by res judicata. *Perry, supra.*

**{¶17}** The fourth assignment of error is overruled.

{¶18} The judgment of the Stark County Common Pleas Court is reversed as to the failure to include postrelease control in the sentencing entry. The judgment is affirmed in all other respects. This case is remanded for correction of the sentencing entry in accordance with this opinion.

By: Hoffman, P.J.

Wise, John, J. and

Baldwin, J. concur