[Cite as *State v. Martin*, 2021-Ohio-4213.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

STATE OF OHIO,                                      :

    Plaintiff-Appellee,              :

                                  No. 110576

v.                                                              :

TREMAIN E. MARTIN,                          :

    Defendant-Appellant.          :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 2, 2021

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-10-532936-A

---

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Mary M. Frey, Assistant Prosecuting
Attorney, *for appellee.*

Tremain E. Martin, *pro se.*

LISA B. FORBES, J.:

{¶ 1} Appellant Tremain E. Martin ("Martin") appeals the trial court's order denying his motion to vacate court costs. After review of the law and pertinent facts of the case, we affirm.

## I. Facts and Procedural History

{¶ 2} In 2010, Martin plead guilty to failure to comply with order or signal of a police officer, a felony of the fourth degree in violation of R.C. 2921.331(B), and receiving stolen property, motor vehicle, a felony of the fourth degree in violation of R.C. 2913.51. The trial court sentenced Martin to 24 months in prison for those charges. Additionally, Martin was ordered to pay court costs.

{¶ 3} Martin appealed his conviction, and this court affirmed the trial court's judgment. *See State v. Martin*, 8th Dist. Cuyahoga No. 095281, 2011-Ohio-222.

{¶ 4} On May 8, 2018, Martin moved the trial court to vacate the order requiring him to pay court costs. At that time, he argued that the trial court was required to hold a hearing pursuant to R.C. 2947.23 and that the court's only method for collecting court costs was to impose community service. The trial court denied that motion on May 11, 2018. Martin appealed that denial to this court on October 15, 2018. Martin's appeal was dismissed for being untimely.

{¶ 5} Martin again sought to vacate the trial court's order requiring him to pay court costs, filing a writ of mandamus with this court on February 21, 2019. *See State ex rel. Martin v. Russo*, 8th Dist. Cuyahoga No. 108231, 2019-Ohio-2242, ¶ 4, *aff'd*, 160 Ohio St.3d 21, 2020-Ohio-829, 153 N.E.3d 20, *reconsideration denied*, 158 Ohio St.3d 1507, 2020-Ohio-2819, 144 N.E.3d 457. Martin's writ was dismissed because he had "no clear right to the requested relief." *State ex rel. Martin* at ¶ 8. The Supreme Court of Ohio affirmed this court's dismissal.

{¶ 6} On December 2, 2020, Martin sought once again to have his court costs vacated. Martin filed a motion to "vacate void order" requesting that he be relieved from paying court costs for the 2010 charges. The trial court denied Martin's motion. It is from this denial that Martin appeals.

## II. Law and Analysis

{¶ 7} Martin raises one assignment of error, claiming, "It was plain, reversible error for the trial court to fail to void and vacate the unlawful revival of a dormant judgment." Martin argues that the trial court was without jurisdiction to collect court costs from him because the judgment went "dormant" once he completed the prison term portion of his sentence. Further, he argues that because he finished his prison term prior to paying his court costs, "he only faced community service as a means to satisfy outstanding court costs." Because Martin's arguments are barred by the doctrine of res judicata, his sole assignment of error is overruled.

{¶ 8} Under the doctrine of res judicata, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject to the previous action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 382, 653 N.E.2d 226 (1995). Res judicata "prevents repeated attacks on a final judgment and applies to issues that were or might have been previously litigated." *State v. Sneed*, 8th Dist. Cuyahoga No. 84964, 2005-Ohio-1865, ¶ 16, citing *State v. Brown*, 8th Dist. Cuyahoga No. 84322, 2004-Ohio-6421, ¶ 7. "[P]rinciples of res judicata prevent relief on successive, similar motions raising issues which were or could have been raised

originally." *Coulson v. Coulson,* 5 Ohio St.3d 12, 13, 448 N.E.2d 809 (1983), citing *Brick Processors, Inc. v. Culbertson,* 2 Ohio App.3d 478, 442 N.E.2d 1313 (8th Dist.1981), paragraph one of the syllabus; *see also Bank of New York v. Jackson*, 8th Dist. Cuyahoga No. 99874, 2013-Ohio-5133, ¶ 10 (finding "[t]he doctrine of res judicata prevents repeated attacks on a final judgment and applies to all issues that were or might have been litigated").

**{¶ 9}** Under R.C. 2947.23(C), trial courts retain "jurisdiction to waive, suspend, or modify the payment of the costs of prosecution, * * * at the time of sentencing or at any time thereafter." R.C. 2947.23(C). The Supreme Court of Ohio held that R.C. 2947.23(C) applies to offenders who were sentenced before and after the statute became effective. *See State v. Braden*, 158 Ohio St.3d 462, 2019-Ohio-4204, 145 N.E.3d 235.

**{¶ 10}** While R.C. 2947.23 allows a defendant to raise the issue of court costs once after sentencing, res judicata operates to bar successive motions seeking to relieve the defendant from paying court costs. *See State v. Sands*, 11th Dist. Lake No. 2020-L-078, 2021-Ohio-659 (holding that failure to appeal judgment reviving costs results in res judicata where the defendant attempts to subsequently challenge the judgment with a new motion); *State v. Webb*, 6th Dist. Erie No. E-18-056, 2020-Ohio-3132 (holding that when a defendant brings a motion under R.C. 2947.23 seeking to vacate an order for court costs he or she can still be barred by res judicata if the issue was or could have been made in a prior motion).

{¶ 11} Martin first moved the trial court to vacate court costs in 2018. That motion was denied. He did not raise the question of whether the court costs were dormant.

{¶ 12} According to Martin's 2020 motion, because he completed serving his prison sentence in 2011, the court's order requiring him to pay court costs went dormant in 2016. Martin could and should have raised this issue previously when he sought to vacate court costs in 2018. Martin is barred by res judicata from raising that argument or any other argument seeking to relieve him of his obligation to pay court costs.

{¶ 13} Though Martin's entire motion is barred by res judicata, we respond to Martin's argument that the court was limited to ordering community service, reiterating that Martin relies on caselaw and statutory authority that is inapplicable. We decline to stray from the guidance provided to Martin in *Martin v. Russo*, 8th Dist. Cuyahoga No. 108231, 2019-Ohio-2242, at ¶ 10-12. In that prior appeal, this court previously explained that *State v. Johnson*, 8th Dist. Cuyahoga No. 106138, 2018-Ohio-496, is inapplicable to Martin's claims seeking to vacate court costs because he "has not been ordered to perform community work service." The court made clear in *Johnson*, that "R.C. 2947.23(B) provides that if a defendant fails to pay court costs or fees, the trial court *can* impose community service until the judgment is paid or until the judge is satisfied that the defendant is in compliance with an approved payment plan." (Emphasis added.) *Id.* at ¶ 4. The trial court has the authority to impose community work service as a means for an offender to pay

court costs, however it is not mandatory for a court to do so. Because Martin was not ordered to perform community work service, *Johnson* is not applicable.

**{¶ 14}** Accordingly, Martin's sole assignment of error is overruled.

**{¶ 15}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LISA B. FORBES, JUDGE

MARY J. BOYLE, A.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR