[Cite as *State v. Macksyn*, 2023-Ohio-3309.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 2023CA00023 |
| | : | |
| DELANOR MACKSYN | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Stark County Court of Common Pleas, Case No. 2011CR1494

JUDGMENT:      AFFIRMED

DATE OF JUDGMENT ENTRY:      September 15, 2023

APPEARANCES:

For Plaintiff-Appellee:

KYLE L. STONE
STARK CO. PROSECUTOR
CHRISTOPHER A. PIEKARSKI
110 Central Plaza S., Ste. 510
Canton, OH 44702-1413

For Defendant-Appellant:

DELANOR MACKSYN, PRO SE
Inmate No. A630-192
Richland Correctional Institution
P.O. Box 8017
Mansfield, OH 44901

*Delaney, J.*

{¶1} Appellant Delanor Macksyn appeals from the February 2, 2023 judgment entry of the Stark County Court of Common Pleas overruling his motion to permit a payment arrangement for fines and costs. Appellee is the state of Ohio.

## FACTS AND PROCEDURAL HISTORY

{¶2} In 2011, appellant was indicted by the Stark County Grand Jury on five counts of unlawful sexual conduct with a minor, a violation of R.C. 2907.04(A)(B)(3). Appellee subsequently dismissed two counts finding the evidence only supported three incidents of sexual conduct. Following a jury trial, appellant was convicted of the charges. The trial court sentenced appellant to sixty months in prison on each of the three counts to be served consecutively for a total of 180 months in prison or fifteen years. The trial court further designated appellant a Tier II sexual offender.

*Direct appeal and application to reopen*

{¶3} Appellant filed a direct appeal of his convictions and sentence, arguing he received ineffective assistance of defense trial counsel and the trial court should have dismissed charges relating to two incidents. We disagreed, overruled the assignments of error, and affirmed appellant's convictions and sentence. See, *State v. Macksyn*, 5th Dist. Stark No. 2012CA00140, 2013-Ohio-1649 [*Macksyn I*].

{¶4} Appellant did not challenge the trial court's order to pay costs found in the June 18, 2012 Sentencing Entry.

{¶5} A motion for delayed appeal to the Ohio Supreme Court was denied. *State v. Macksyn,* 137 Ohio St.3d 1456, 2013-Ohio-4657, 1 N.E.3d 423.

{¶6} Appellant moved to reopen *Macksyn I* and we disallowed the application to reopen. An appeal from our decision was not allowed. 140 Ohio St.3d 1442, 2014-Ohio-4160, 16 N.E.3d 684.

{¶7} On October 1, 2012, the Stark County Clerk of Courts itemized the costs and issued a statement of costs to appellant at Marion Correctional Institution.

*2015: First motion to waive costs and resulting appeal*

{¶8} On August 21, 2015, appellant filed a motion with the trial court requesting a hearing to waive payment of court costs and an affidavit of indigency. The trial court denied the motion via Judgment Entry of August 25, 2015, and appellant appealed, arguing the trial court erred in not notifying him of the imposition of costs in open court at sentencing, but including costs in the trial court's June 18, 2012 Sentencing Entry. We found appellant did not raise the issue of court costs at trial or on direct appeal, therefore his claim was barred by res judicata as the issue was capable of being raised on direct appeal. *State v. Macksyn*, 5th Dist. Stark No. 2015CA00175, 2016-Ohio-2616, ¶ 11 [*Macksyn II*].

*Habeas corpus and additional postconviction issues*

{¶9} Appellant's petition for a writ of habeas corpus was dismissed. *Macksyn v. Bunting*, N.D.Ohio No. 3:14CV2320, 2014 WL 5810508, *2.

{¶10} In 2017, appellant filed a motion for reconsideration of his sentence. The trial court overruled the motion and appellant appealed, arguing the trial court committed various errors during sentencing. We agreed to the extent that the trial court failed to include postrelease control in the sentencing entry and remanded the matter for correction of the sentencing entry. Appellant's arguments were otherwise overruled.

*State v. Macksyn*, 5th Dist. Stark No. 2017CA00158, 2017-Ohio-9120, ¶ 18 [*Macksyn III*]. An appeal to the Ohio Supreme Court was not allowed.  152 Ohio St.3d 1465, 2018-Ohio-1795, 97 N.E.3d 501.

{¶11} The trial court issued a nunc pro tunc sentencing entry in response to *Macksyn III* on January 8, 2018; appellant attempted to file a motion for delayed appeal, which we denied. Appellant's attempt to appeal our denial was not allowed. 154 Ohio St.3d 1422, 2018-Ohio-4496, 111 N.E.3d 20.

*2023:  Second motion to address costs and instant appeal*

{¶12} On January 30, 2023, appellant filed a "Motion to Allow Payment Arrangement pursuant to R.C. 2947.23," arguing he was unable to raise his inability to pay at the original sentencing hearing in 2012. The trial court overruled the motion by judgment entry dated February 2, 2023.

{¶13} Appellant now appeals from the trial court's judgment entry of February 2, 2023.

{¶14} Appellant raises one assignment of error:

**ASSIGNMENT OF ERROR**

{¶15} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT ENTERED AN INCORRECT JUDGMENT ENTRY IMPOSING COURT COSTS WHEN [THE] TRIAL COURT DID NOT IMPOSE COURT COSTS AT THE SENTENCING HEARING IN VIOLATION OF R.C. 2947.23 THUS VIOLATING 6TH AND 14TH AMENDMENTS."

**ANALYSIS**

{¶16} In his sole assignment of error, appellant argues the trial court erred when it overruled his motion for a payment plan, broadly arguing the trial court should not have imposed costs. We disagree.

{¶17} As appellee points out, appellant has not framed his assignment of error as arising from his motion to permit a payment plan and the trial court's overruling of the motion on February 2, 2023. His assignment of error essentially arises from the same argument as the motion: on the basis of R.C. 2947.23, the trial court has jurisdiction to reconsider imposition of court costs at any time, and should do so now. We disagree.

{¶18} The statute does permit continuing jurisdiction over the issue of costs. R.C. 2947.23(C) states, "The court retains jurisdiction to waive, suspend, or modify the payment of the costs of prosecution, including any costs under section 2947.231 of the Revised Code, at the time of sentencing or at any time thereafter." The Supreme Court of Ohio held that R.C. 2947.23(C) applies to offenders who were sentenced before and after the statute became effective. *See State v. Braden*, 158 Ohio St.3d 462, 2019-Ohio-4204, 145 N.E.3d 235.

{¶19} However, continuing jurisdiction does not open the door to multiple bites of the apple. While R.C. 2947.23 allows a defendant to raise the issue of court costs **once** after sentencing, res judicata operates to bar successive motions seeking to relieve the defendant from paying court costs. *State v. Martin*, 8th Dist. Cuyahoga No. 110576, 2021-Ohio-4213, ¶ 10, *appeal not allowed,* 166 Ohio St.3d 1468, 2022-Ohio-1163, 185 N.E.3d 110, citing *State v. Sands*, 11th Dist. Lake No. 2020-L-078, 2021-Ohio-659 [failure to appeal judgment reviving costs results in res judicata where appellant attempts to

subsequently challenge judgment with a new motion]; *State v. Webb*, 6th Dist. Erie No. E-18-056, 2020-Ohio-3132 [when appellant moves pursuant to R.C. 2947.23 to vacate order for court costs he can still be barred by res judicata if issue was or could have been made in prior motion].

{¶20} Under the doctrine of res judicata, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject to the previous action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 382, 653 N.E.2d 226 (1995). "[P]rinciples of res judicata prevent relief on successive, similar motions raising issues which were or could have been raised originally." *Coulson v. Coulson,* 5 Ohio St.3d 12, 13, 448 N.E.2d 809 (1983), citing *Brick Processors, Inc. v. Culbertson,* 2 Ohio App.3d 478, 442 N.E.2d 1313 (8th Dist.1981), paragraph one of the syllabus.

{¶21} Appellant first moved the trial court to vacate court costs in 2015; the motion was denied; and we affirmed the trial court's decision in *Macksyn II*. The record is replete with further motions and appeals; appellant is now barred by res judicata from raising the same argument, or any other argument seeking to relieve him of his obligation to pay court costs. *State v. Martin*, supra, 2021-Ohio-4213, ¶ 13.

{¶22} Additionally, even if we were to review the argument on the merits, a trial court's denial of a criminal defendant's motion to waive court costs is reviewed under an abuse-of-discretion standard. *State v. Kelley*, 5th Dist. Stark No. 2018CA00062, 2018-Ohio-5372, ¶ 19, citing *State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164, ¶ 23, superseded on other grounds. A trial court may waive payment of court costs upon a defendant's motion if the defendant is indigent. R.C. 2949.092; *State v. Walker*,

8th Dist. Cuyahoga No. 101213, 2014-Ohio-4841, ¶ 9. This discretion to waive costs, however, includes the discretion not to waive them, as the trial court did here. *Kelley*, supra, 2018-Ohio-5372, ¶ 19, citing *State v. Gilbert*, 8th Dist. Cuyahoga No. 104355, 2016-Ohio-8308, ¶ 6. Upon our review of the voluminous procedural history of this case, we cannot find the trial court abused its discretion in refusing to waive costs or agree to a payment plan. We find therefore, the trial court did not fail to comply with R.C 2947.23(C). *Id.*

## CONCLUSION

{¶23} Appellant's sole assignment of error is overruled and the judgment of the Stark County Court of Common Pleas is affirmed.

By: Delaney, J.,

Gwin, P.J. and

Hoffman, J., concur.