**[Cite as *State v. Heiney*, 2024-Ohio-490.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                           Court of Appeals No.  L-23-1156

      Appellee                                    Trial Court No.  CR0201502287

v.

Jake P. Heiney                                     **DECISION AND JUDGMENT**

      Appellant                                   Decided:  February 9, 2024

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

Jake P. Heiney, Pro se.

* * * * *

**DUHART, J.**

**{¶ 1}** This case is before the court on appeal by appellant, Jake Heiney, pro se, from

the June 22, 2023 judgment of the Lucas County Court of Common Pleas.  For the reasons

that follow, we affirm.

## Assignments of Error

{¶ 2} Heiney did not separately number his assignments of error, instead listing them all in one paragraph. We have separated them out here, and numbered them, for ease of analysis.

1. The trial court errored by not providing an order for the custodian of records (presumedly the clerk of courts) to make copies of the paper records and photographs of the exhibits for the record for which the state of Ohio (i.e., prosecutor's office) could then review for [sic] prior to the return of Heiney's property exhibits (i.e., maintaining a complete record while not allowing the state of Ohio (i.e., prosecutor's office) unsupervised access to the original record).

2. The trial court errored by not waiving or modifying Heiney's court costs as required by law.

3. The trial court errored by not canceling Heiney's financial sanctions as required by law.

## Background

{¶ 3} A thorough discussion regarding the facts of this case is set forth in *State v. Heiney*, 2018-Ohio-3408, 117 N.E.3d 1034 (6th Dist.) (Hereinafter "*Heiney 1*"). The following facts are relevant to this appeal.

{¶ 4} Heiney was an orthopedic surgeon who ran his own medical practice. In the underlying criminal case against him, "the state alleged that Heiney touched two female patients inappropriately while examining them in 2015. The state also alleged that Heiney altered electronic medical records 'in an attempt to provide a medical rationale for his groping [one of the patient's] breasts and buttocks.'" *State v. Heiney*, 6th Dist. Lucas No. L-19-1115, 2020-Ohio-2761, ¶ 2 (Hereinafter "*Heiney 2*").

{¶ 5} Following a jury trial, Heiney was convicted of two counts of gross sexual imposition, in violation of R.C. 2907.05(A)(1) and (C), felonies of the fourth degree, and one count of tampering with records, in violation of R.C. 2913.42(A)(1) and (B)(1)(2)(a), a misdemeanor of the first degree. He was sentenced to 180 days in jail and assessed a $1,000 fine for the tampering with records charge, and sentenced to four years of community control for the two gross sexual imposition charges, to include, inter alia, 90 days in the county work release program, 200 hours of community service, and the payment of a fine of $2,000 for each count. He was also designated a Tier 1 sex offender, ordered to pay costs assessed pursuant to R.C. 9.92(C), R.C. 2929.18, and R.C. 2951.021 and ordered to reimburse the state of Ohio and Lucas County for the costs of supervision, confinement, assigned counsel, and prosecution. Heiney appealed, we affirmed the judgment, and the Ohio Supreme Court declined further review. *Heiney 1* at ¶ 181, *discretionary rev. denied*, 2018-Ohio-5209. Heiney filed a petition for a writ of

3.

certiorari, which was denied by the United States Supreme Court. *Heiney v. Ohio*, 140 S.Ct. 108, 205 L.Ed.2d 40 (2019).

{¶ 6} Heiney also filed a motion for postconviction relief, which was denied, and that denial was affirmed on appeal. *Heiney 2* at ¶ 41.

{¶ 7} On March 21, 2023, Heiney, pro se, filed a motion with the trial court seeking release of his defense exhibits as his "sentence has been completed," and relief from his remaining financial sanctions[1] and court costs due to a change in circumstances - specifically that he is destitute, under federal bankruptcy protection, on Medicaid, and has been determined to be fully disabled by the Social Security Administration. The state opposed this motion, and on June 21, 2023, the trial court granted Heiney's motion, in part, allowing his request for the release of his trial exhibits "after review and scan by the [s]tate of Ohio," but denying Heiney's requests regarding the financial sanctions and court costs.

{¶ 8} Heiney appealed.

---

[1] Although the trial court ordered Heiney to pay $5,000 in fines and "to reimburse the state of Ohio and Lucas County for the costs of supervision, confinement, assigned counsel, and prosecution," in Heiney's motion he only makes mention of the $5,000 fines, stating that he was "assessed $5,000 in financial sanctions." Thus, we have similarly limited the term "financial sanctions" to his sentenced fines.

4.

## Law and Analysis

### *Return of Exhibits*

{¶ 9} Although the trial court granted Heiney's request for the return of his exhibits, Heiney objects to the trial court first allowing the state to have "unsupervised access" to the original records. Heiney contends that the proper procedure would be for the trial court to order the custodian of the records to make copies, and for those copies to be maintained in the original record and made available for the state to review. The state contends that this issue is moot as the exhibits at issue were already scanned and photographed and are being held "in compliance with the local rules and the Rules of Superintendence." Thus, according to the state, it is not in a position to have "unsupervised access" to the records.

{¶ 10} In support of this argument, the state provided the court with the affidavit of a paralegal in the Lucas County Prosecutor's Office, who averred that upon receiving the trial court's judgment entry, she verified with employees of the clerk of courts that the documentary evidence introduced by Heiney had already been scanned and his one item of physical evidence had been photographed. She further averred that the prosecutor's office "will rely on the clerk to keep the records" and "does not intend to duplicate the effort already made by the clerk's office."

{¶ 11} While the paralegal's affidavit is not part of the trial court record, the Ohio Supreme Court has "held that an event that causes a case to become moot may be proved

by extrinsic evidence outside the record." *Pewitt v. Lorain Corr. Inst.*, 64 Ohio St.3d 470, 472, 597 N.E.2d 92 (1992), citing *Miner v. Witt*, 82 Ohio St. 237, 92 N.E. 21 (1910). Additionally, we note that Heiney has not objected to the affidavit and arguably has conceded that this issue is moot as, in his reply brief, he makes no arguments regarding this, and he merely requests that the court "vacate the lower court's rulings on denying relief regarding court costs and financial sanctions," and grant affirmative relief regarding these same court costs and financial sanctions.

{¶ 12} After reviewing the parties' arguments we agree this issue is moot. Heiney's first assignment of error is not well-taken.

*Court Costs*

{¶ 13} In his motion in the trial court, Heiney requested the court either waive, suspend, or modify his remaining court costs. The trial court denied this request, in-part, citing to *State v. Taylor*, 161 Ohio St.3d 319, 2020-Ohio-3514, 163 N.E.3d 486, for the proposition that courts are not required to take into consideration a defendant's ability to pay when ruling on such a motion.

{¶ 14} Heiney contends that this was error as he is now disabled and receiving Medicaid assistance, and thus entitled to the same elimination or reduction in court costs that a non-disabled citizen is entitled to when there is a change in circumstances. He also maintains that the trial court got the facts wrong, and therefore any analysis undertaken by the trial court was not based on the facts of the case. He points to his age and the

6.

amount he paid toward the court costs and financial sanctions prior to being determined to be disabled as two facts the trial court got wrong, although he does not provide evidence regarding the actual amount paid, nor does he set forth his actual age.[2] Further, based on these allegedly inaccurate facts, Heiney asserts that "it is wholly inappropriate for the trial court to believe it has a better understanding of Heiney's ability for employment based on the court's conjecture and speculation compared to that of the Social Security Administration that made the official determination after extensive research and careful determination that Heiney is incapable of substantial gainful activity." (Emphasis deleted.) Additionally, he contends that the trial court's ruling is based upon the trial court judge's bias.

{¶ 15} The state maintains that the trial court did not abuse its discretion in denying Heiney's request regarding court costs, noting that he is "still in his 40's and has offered no suggestion that he suffers from a permanent disabling condition," and additionally points to his "intellectual acumen, as demonstrated by his advanced professional degree and maintenance of a professional occupation for much of his adult life."

{¶ 16} Pursuant to R.C. 2947.23(C), a trial court has continuing jurisdiction to "waive, suspend, or modify the payment of the costs of prosecution * * * at the time of

---

[2] We note there is a document in the record that contains his date of birth, which would have made him 48 years old at the time of the trial court's judgment entry. The trial court stated he was 45 years old.

7.

sentencing or at any time thereafter." The statute "provides no explicit criteria that a court should use in deciding whether to waive, suspend, or modify costs." *Taylor* at ¶ 8. The Ohio Supreme Court has concluded that "a trial court is not required to consider the defendant's ability to pay in assessing a motion to waive, suspend, or modify court costs under R.C. 2947.23(C), though it is permitted to do so." *Id*. at ¶ 16.

{¶ 17} We review a trial court's denial of such a motion for abuse of discretion. *State v. Macksyn*, 5th Dist. Stark No. 2023CA00023, 2023-Ohio-3309, ¶ 22, citing *State v. Kelley*, 5th Dist. Stark No. 2018CA00062, 2018-Ohio-5372, ¶ 19. "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983), quoting *Steiner v. Custer*, 137 Ohio St. 448, 31 N.E.2d 855 (1940).

{¶ 18} Heiney asserts that the trial judge's opinion was based upon her "personal dislike of Heiney." We note that Heiney has not provided us with any specific statement or action made by the judge that we could consider regarding this argument. Moreover, Heiney previously filed an affidavit of disqualification and the Ohio Supreme Court concluded that "Heiney * * * failed to establish that [the trial court judge] is biased or prejudiced against him or that she cannot be impartial and open-minded in his case." *In re: Disqualification of Hon. Lori Olender,* No. 23-AP-030 (April 17, 2023). Heiney has

8.

not provided any new evidence here. Therefore, we find no evidence that the trial court's opinion is based upon bias.

{¶ 19} We also find that Heiney has not been treated any differently because of his disability, and thus, has not been denied equal accommodation of relief under the Americans with Disabilities Act or similar Ohio statute. Heiney has provided the court with no evidence or citation to legal authority supporting his claim that "it is a common practice to eliminate or reduce court costs for non-disabled citizens when a defendant has a change in circumstances."

{¶ 20} Heiney also argues that *Taylor* should not apply to him as he is disabled and receiving Medicaid assistance. However, we note that *Taylor* has been applied when a defendant "received only Social Security Disability income," and the trial court's denial of the defendant's motion to waive jury costs was affirmed by the appellate court. *State v. Bolin*, 4th Dist. Athens No. 21CA14, 2022-Ohio-3375, ¶ 9, 20. Heiney has cited to no contrary law.

{¶ 21} Regardless, the trial court did consider Heiney's ability to pay, which Heiney also claims was error as it was based on speculation. The trial court concluded that Heiney "is only 45 years of age and with a medical degree, an extremely well educated man." The trial court also noted that while he cannot work in his chosen profession, "many people now work exclusively from the comforts of their own home." Although Heiney takes issue with the finding that he can work, as he was determined by

9.

the Social Security Administration to be "incapable of substantial gainful activity," this finding was not controlling on the trial court. Moreover, there is no evidence in the record that Heiney will not be able to work in the future, nor do we find that the fact that he cannot work would require that the trial court grant his motion as the Ohio Supreme Court has stated, in *Taylor*, that "'[W]aiver of costs is permitted—but not required—if the defendant is indigent.'" *Id* at ¶ 7, quoting *State v. White*, 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393, ¶ 14.

{¶ 22} After reviewing the record, the parties' arguments, and the trial court's order, we do not find the trial court's failure to waive, suspend, or modify Heiney's court costs to be an abuse of discretion.

{¶ 23} Accordingly, we find Heiney's second assignment of error not well-taken.

*Financial Sanctions*

{¶ 24} Regarding the trial court's denial of his request for the waiver, suspension, or modification of his financial sanctions, Heiney maintains that the trial court inappropriately applied *Taylor*, which only concerns court costs, and improperly combined its analysis of his requests regarding court costs and financial sanction when they should be treated separately.

{¶ 25} Heiney argues that R.C. 2929.18(G) allows the trial court to suspend his financial sanctions, as does R.C. 2303.23. He also asserts the trial court did not consider his disability status when making such a determination, and that he should be treated the

10.

same as non-disabled persons who are granted relief when financial sanctions are "due and uncollectable." He also generally claims that the trial court's actions "run counter to the rules and laws as set out by the Ohio legislature, the Ohio Supreme Court, and the U.S. Constitution," and are "in violation of the Americans with Disabilities Act Title II and associated Ohio laws."

{¶ 26} The state counters that R.C. 2929.18(G) only provides for suspension, not waiver, of financial sanctions, and that such a decision is within the trial court's discretion. Additionally, the state asserts that R.C. 2929.18(G) does not specify which factors the court should consider, and that the trial court appropriately considered the gravity of Heiney's offenses.

{¶ 27} Pursuant to R.C. 2929.18(G), a trial court *may suspend* financial sanctions if the court finds "that an offender satisfactorily has completed all other sanctions imposed upon the offender." Similarly, R.C. 2303.23 states that a trial court *may* "direct the clerk of the court to cancel all or part of the claim" any time to the court finds an amount owed to the court to be due and uncollectible. As these statutes use the word "may," the decision is within the trial court's discretion and we can reverse only upon a showing of an abuse of discretion. *See Bell v. Turner*, 172 Ohio App.3d 238, 2007-Ohio-3054, 874 N.E.2d 820, ¶ 14 (4th Dist.).

{¶ 28} Here, we do not find the trial court abused its discretion. While the trial court's decision does not clearly separate its analysis regarding court costs from its

analysis regarding financial sanctions, we do not find this to be an abuse of discretion as each analysis can be similar to the other.

{¶ 29} With respect to Heiney's contention that the trial court, by considering costs and financial sanctions together, improperly applied *Taylor* to its consideration of his motion for financial sanctions, we first note that R.C. 2303.23 was discussed in *Taylor*, where the court stated that R.C. 2303.23 was "merely permissive" and does "not require consideration of ability to pay." *Taylor* at ¶ 15. More to the point, this argument is not relevant here as the trial court did consider Heiney's argument that he was indigent and that he has "paid everything he can spare." The trial court commented on Heiney's relative youth, his education, the fact that it might be possible to work from home, and the "seriousness of the offenses of which [he] was convicted" when it determined not to suspend his financial sanctions. With regard to Heiney's claims regarding being treated similarly to nondisabled persons, as discussed above, we find he has not provided any evidence or case law to support this claim.

{¶ 30} As we do not find that the trial court abused its discretion in denying Heiney's request with regard to his financial sanctions, we find his third assignment of error not well-taken.

12.

## Conclusion

**{¶ 31}** The judgment of the Lucas County Common Pleas Court is affirmed.

Pursuant to App.R. 24, Heiney is hereby ordered to pay the costs incurred on appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Christine E. Mayle, J.                _____
JUDGE

Myron C. Duhart, J.

_____
Charles E. Sulek, P.J.               JUDGE
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.