[Cite as *State v. Lowe*, 2019-Ohio-5183.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 19-CA-39 |
| | : | |
| DENNIS RAY LOWE | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Fairfield County Court
of Common Pleas, Case No.
2018CR536

JUDGMENT:                        AFFIRMED

DATE OF JUDGMENT ENTRY:      December 12, 2019

APPEARANCES:

For Plaintiff-Appellee:                  For Defendant-Appellant:

KENNETH W. OSWALT              DENNIS RAY LOWE, PRO SE
Fairfield Co. Prosecutor's Office      Inmate No. 441-903
239 W. Main Street, Suite 101        878 Coitsville-Hubbard Road
Lancaster, OH 43130                Youngstown, OH 44505

*Delaney, J.*

{¶1}   Appellant Dennis Ray Lowe appeals from the July 8, 2019 Entry Regarding Defendant's Motion for Relief from Judgment and Motion to Dismiss of the Fairfield County Court of Common Pleas dated July 8, 2019.  Appellee is the state of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2}   This case arose on or around July 2, 2017, while appellant was incarcerated at the Southeastern Correctional Institution (S.C.I.) upon a Summit County conviction for aggravated murder.  In appellee's bond recommendation of August 15, 2017, appellee summarized the facts of the instant case as follows:

Defendant fashioned an 8-inch shiv made of razor wire from the prison fence.  He implies that this stabbing was payback for victim's stealing some of his clothing and/or belongings and blows off the seriousness of the act.  Victim required internal surgery to check vital organs for puncture wounds and has a scar from sternum to navel because of the surgery.  Defendant is highly dangerous and has no constraint in using deadly force.

{¶3}   Appellant was charged by indictment with one count of felonious assault pursuant to R.C. 203.11(A)(2) and R.C. 2903.11(D)(1)(a), a felony of the second degree [Count I] and one count of possession of a deadly weapon while under detention pursuant to R.C. 2923.131(B) and R.C. 2923.131(C)(2)(a), a felony of the first degree [Count II].

{¶4}   On February 13, 2018, appellant appeared before the trial court and changed his previously-entered pleas of not guilty to ones of guilty.  The trial court accepted appellant's guilty pleas, found him guilty as charged, and sentenced him to an

aggregate prison term of five years. The instant sentence was ordered to be served consecutively to the sentence appellant was already serving in Summit County case number 2002 CR 09-2684.

{¶5} Appellant did not directly appeal from his convictions and sentence in the instant case.

{¶6} Instead, on December 5, 2018, appellant filed a pro se "Motion for Relief from the Judgment (4) Judgment Void" (*sic*). In the motion, appellant asserted that the Judgment Entry of Sentence dated February 28, 2018 was void because it was not signed by the judge and was instead "signed by the prosecutor or bailiff and because of that it does not meet the requirements of R.C. 2505.02(3) [*sic*] the signature of the judge or Crim.R. 32(C)."[1] Additionally, appellant argued the sentence was void "[b]ecause the 20 to life that defendant is serving under CR 02-09-2684 is not listed in the judgment entry of sentence."[2]

{¶7} On February 11, 2019, a Notice was filed stating appellant's motion for relief from judgment was scheduled for non-oral hearing on February 21, 2019.

---

[1] We note the Judgment Entry of Sentence, filed February 28, 2018, is signed by Judge Richard E. Berens.

[2] We note the Judgment Entry of Sentence, filed February 28, 2018, states in pertinent part on pages 2 and 3:

> On [February 13, 2018], the Court sentenced the Defendant as to Count One to be confined, for a period of five (5) years, and as to Count Two, to be confined for a period of five (5) years, in the Ohio Department of Rehabilitation and Corrections. Said sentences are to be served concurrently to each other for a total sentence of five (5) years. **Further, the Court ordered that the sentence be served consecutively to the sentence ordered upon the Defendant in Summit County Case Number 2002 CR 09-2684.** (Emphasis added.)

{¶8}   On February 14, 2019, appellant filed a pro se "Motion to Dismiss," arguing the entire case should be dismissed because appellee did not respond in writing to his Motion of December 5, 2018.

{¶9}   On March 6, 2019, appellee responded to appellant's motion for relief form judgment with a memorandum in opposition.

{¶10} On July 3, 2019, appellant filed a pro se "Complaint – Request for Issuance of Writ of Procedendo" seeking an order requiring the trial court to rule upon the motions for relief from judgment and to dismiss.

{¶11} On July 8, 2019, the trial court filed an "Entry Regarding Defendant's Motion for Relief from Judgment and Motion to Dismiss" overruling both motions.

{¶12} Appellant now appeals from the trial court's entry dated July 8, 2019.

{¶13} Appellant raises two assignments of error:

**ASSIGNMENTS OF ERROR**

{¶14} "I.  MOTION SHOULD HAVE BEEN GRANTED SINCE JUDGMENT OF CONVICTION & SENTENCING ENTRY DON'T MEET THE REQUIREMENTS OF R.C. 2505.02(2) THE SENTENCE."  (*Sic* throughout.)

{¶15} "II.  JUDGE'S SIGNATURE MUST BE LEGIBLE TO BE IN ACCORDANCE WITH R.C. 2505.02(3) SIGNATURE OF JUDGE."  (*Sic* throughout.)

**ANALYSIS**

I., II.

{¶16} Appellant's two assignments of error are related and will be considered together.  He claims his sentence is void because the trial court insufficiently referenced

his Summit County sentence, and that his conviction and sentence should be vacated because the sentencing entry was not signed by the trial court.  We disagree.

{¶17} We begin by noting we find no factual support in the record for either of appellant's arguments, as noted supra.  Appellant repeatedly asserts that the trial court did not sign the Judgment Entry of Sentence.  We note the original entry is contained in the record and is signed by the trial court.   The trial court also affirmed the signature in the entry overruling appellant's motion for relief from judgment: "A review of the record clearly indicates that the Judgment Entry was signed by the Judge, therefore the Defendant's argument is not well taken."  Entry, 1.  Further, also as described supra, the Judgment Entry of Sentence specifically states that the instant sentence is to be served consecutively to the Summit County sentence.

{¶18} Appellant failed to directly appeal from the Judgment Entry of Sentence dated February 28, 2018, which he now claims is deficient.  Appellant raises his arguments in an attempt at post-conviction relief, but waived his arguments due to res judicata.  As we will address, the arguments also fail on the merits.

{¶19} Appellant argues the trial court's Judgment Entry of Sentence violates Ohio Crim. R. 32(C), which provides in pertinent part, "A judgment of conviction shall set forth the fact of conviction and the sentence. * * * *. The judge shall sign the judgment and the clerk shall enter it on the journal. A judgment is effective only when entered on the journal by the clerk."   These are substantive requirements that must be included within a judgment entry of conviction to make it final for purposes of appeal and "shall" be included in the judgment entry of conviction. *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, ¶ 11.  These requirements are the *fact* of the conviction, the sentence,

the judge's signature, and the entry on the journal by the clerk. *Id.,* emphasis in original.

A judgment entry of conviction that includes the substantive provisions places a defendant

on notice that a final judgment has been entered and the time for the filing of any appeal

has begun. *Id.,* internal citation omitted; App.R. 4(A).  As we found supra, the judge's

signature is on the Judgment Entry of Sentence.

{¶20} Appellant also asserts that the judgment entry of sentence violated R.C.

2505.02(3) [*sic*] because the judge's signature is illegible, but we find no such

requirement, and no such code section corresponding to appellant's argument.[3]

---

[3] R.C. 2505.02(B) states: An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
> (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
> (2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
> (3) An order that vacates or sets aside a judgment or grants a new trial;
> (4) An order that grants or denies a provisional remedy and to which both of the following apply:
> (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
> (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
> (5) An order that determines that an action may or may not be maintained as a class action;
> (6) An order determining the constitutionality of any changes to the Revised Code made by Am. Sub. S.B. 281 of the 124th general assembly, including the amendment of sections 1751.67, 2117.06, 2305.11, 2305.15, 2305.234, 2317.02, 2317.54, 2323.56, 2711.21, 2711.22, 2711.23, 2711.24, 2743.02, 2743.43, 2919.16, 3923.63, 3923.64, 4705.15, and 5111.018 (renumbered as 5164.07 by H.B. 59 of the 130th general assembly[1]), and the enactment of sections 2305.113, 2323.41, 2323.43, and 2323.55 of the Revised Code or any changes made by Sub. S.B. 80 of the 125th general assembly, including the amendment of sections 2125.02, 2305.10, 2305.131, 2315.18, 2315.19, and 2315.21 of the Revised Code;
> (7) An order in an appropriation proceeding that may be appealed pursuant to division (B)(3) of section 163.09 of the Revised Code.

{¶21} Appellant further argues that the trial court was required to cite his "life sentence" in stating the terms of the consecutive sentence in the instant case. We have reviewed the trial court's sentencing entry and find it sufficiently indicates appellant's instant sentence is to be served consecutively with the Summit County sentence. Appellant cites R.C. 2505.02 as the basis for his argument, but again, we find no statutory authority that corresponds to his argument.[4]

{¶22} Instead, we find the judgment entry of appellant's convictions and sentence constituted a final, appealable order pursuant to Crim.R. 32 and R.C. 2505.02. Having failed to file a direct appeal, appellant's arguments are barred by res judicata. Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment. *State v. Perry*, 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967).

{¶23} We conclude appellant's arguments are not supported by facts in the record or by any relevant authority. Moreover, the arguments are barred by res judicata. The two assignments of error are thus overruled.

---

[4] See *id.*

**CONCLUSION**

{¶24} Appellant's two assignments of error are overruled and the judgment of the

Fairfield County Court of Common Pleas is affirmed.

By:  Delaney, J.,

Gwin, P.J. and

Hoffman, J., concur.