[Cite as *State v. Lawless*, 2021-Ohio-2828.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| | Case No. 21 COA 001 |
| RICHARD J. LAWLESS | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal Appeal from the Court of Common
                             Pleas, Case No.  15 CRI 178


JUDGMENT:                    Dismissed


DATE OF JUDGMENT ENTRY:      August 16, 2021


APPEARANCES:

For Plaintiff-Appellee                 For Defendant-Appellant

CHRISTOPHER R. TUNNELL                 RICHARD J. LAWLESS
PROSECUTING ATTORNEY                   PRO SE
VICTOR R. PEREZ                        MARION CORRECTIONAL INSTITUTION
ASSISTANT PROSECUTOR                   P. O. Box 57
110 Cottage Street, Third Floor        Marion, Ohio  43302
Ashland, Ohio  44805

*Wise, John, J.*

{¶1} Defendant-Appellant Richard J. Lawless appeals his sentence and conviction entered in the Ashland County Court of Common Pleas on July 14, 2016.

{¶2} Plaintiff-Appellee is the State of Ohio.

{¶3} This matter comes before this Court pursuant to the accelerated calendar and App. Rule 11.1. Accordingly, it is sufficient compliance with Appellate Rule 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. This appeal shall be considered in accordance with the rule.

## FACTS AND PROCEDURAL HISTORY

{¶4} On October 30, 2015, the Ashland County Grand Jury returned an indictment against Defendant-Appellant Richard J. Lawless on thirty-nine (39) counts. Those charges included: Engaging in a Pattern of Corrupt Activity, a felony of the first degree; Complicity to Trafficking in Heroin, a felony of the first degree; Complicity to Trafficking in Cocaine, a felony of the first degree; Illegal Assembly or Possession of Chemicals for the Manufacture of Drugs, a felony of the third degree; Trafficking in Heroin, a felony of the fifth degree; Aggravated Burglary, a felony of the first degree; Felonious Assault, a felony of the second degree; Abduction, a felony of the third degree; Having Weapons While Under Disability, a felony of the third degree; and numerous specifications.

{¶5} On May 23, 2016, Appellant pled no contest to all thirty-nine (39) counts. Appellant further pled to a Forfeiture Specification.

{¶6} On that same date, May 23, 2016, a plea agreement was also signed by the parties which included the terms of the plea agreement. The terms of the plea agreement

were for Defendant-Appellant to enter a No Contest plea to the indictment, a jointly recommended prison sentence of twenty (20) years of which fourteen (14) were mandatory, a joint recommendation that the sentence to be imposed be concurrent to Defendant-Appellant's case in Wayne County, and the forfeiture of the property with the exception of two of the vehicles. The agreement left up to the discretion of the trial court all other matters relating to sentencing sanctions.

{¶7} This plea agreement was signed by Defendant-Appellant, his trial counsel, counsel for the State of Ohio, and the trial court.

{¶8} On that same date, a Waiver of Constitutional Rights and Plea of No Contest was signed by the parties.

{¶9} Finally, on that same date, the trial court executed a Judgment Entry for the change of plea in which the trial court accepted the No Contest plea entered by Defendant-Appellant and found Defendant-Appellant guilty. The trial court scheduled a sentencing hearing.

{¶10} On July 5, 2016, at the sentencing hearing, the trial court sentenced Defendant-Appellant to an aggregate prison term of twenty (20) years and ordered the forfeiture of real and personal property as listed in the forfeiture specification. The trial court also ordered Appellant's sentence in Case No. 15-CRI-178 to run concurrently to the sentence Appellant was already serving in Wayne County.

{¶11} The trial court's Judgment Entry - Sentencing was docketed on July 14, 2016.

{¶12} On August 1, 2016, Defendant-Appellant filed a notice of appeal. *State v. Lawless*, 16-COA-030. The trial court appointed appellate counsel on August 16, 2016.

Defendant-Appellant's appellate counsel filed a motion for preparation of transcripts at the State's expense on September 9, 2016. This Court granted Defendant-Appellant's motion for transcripts on September 12, 2016.

{¶13} On November 9, 2016, Defendant-Appellant filed a *pro se* motion to remove his court appointed appellate counsel.

{¶14} On November 10, 2016, the record was transmitted to this Court from the trial court.

{¶15} On November 18, 2016, this Court granted Defendant-Appellant's motion to remove counsel.

{¶16} Defendant-Appellant failed to file a merit brief in that case.

{¶17} On January 3, 2017, this Court dismissed Defendant-Appellant's appeal for lack of prosecution.

{¶18} On February 27, 2017, Defendant-Appellant filed a motion to reopen his appeal pursuant to App.R. 26(B).

{¶19} On March 8, 2017, the State of Ohio filed a response.

{¶20} On March 23, 2017, this Court denied Defendant-Appellant's motion.

{¶21} On June 17, 2019, Appellant filed the following pro se motions: a motion to vacate sentence and dismiss Case No. 15-CRI-178 due to manifest injustice, a motion to dismiss Case No. 15-CRI-178 due to speedy trial violations, and a motion for inventory and return of all property listed in the indictment.

{¶22} On July 18, 2019. Appellant filed a pro se motion to dismiss due to plain error and insufficiency of indictment.

**{¶23}** By Judgment Entry filed October 25, 2019, the trial court denied Appellant's post-trial motions.

**{¶24}** On August 20, 2020, Appellant filed a motion for sentencing and issuance of a final appealable order (to correct a manifest injustice).

**{¶25}** On August 31, 2020, Appellant filed an "Addendum in Support of New Sentencing Hearing."

**{¶26}** By Judgment Entry filed December 10, 2020, the trial court denied Appellant's motion.

**{¶27}** Appellant now appeals, raising the following assignments of error:

**ASSIGNMENTS OF ERROR**

**{¶28}** "I. THE TRIAL COURT DID NOT ISSUE THE DEFENDANT A FINAL APPEALABLE ORDER.

**{¶29}** "II. THE TRIAL COURT CANNOT FORFEIT PROPERTY WITHOUT A FINAL APPEALABLE ORDER.

**{¶30}** "III. THE TRIAL COURT CANNOT FORFEIT PROPERTY WITHOUT A FINDING OF GUILT ANYWHERE IN THE SENTENCING RECORD, WHEN A DEFENDANT PLEADS NO CONTEST.

**{¶31}** "IV. THE DEFENDANTS [SIC] ASSIGNED COUNSEL WAS UTTERLY INEFFECTIVE FOR ALLOWING THESE ERRORS TO OCCUR."

**I, II., III. and IV.**

**{¶32}** We must first consider whether Appellant's appeal is timely.

**{¶33}** App.R. 4 states, in relevant part, as follows: "Appeal From Order That Is Final Upon Its Entry. Subject to the provisions of App.R. 4(A)(3), a party who wishes to

appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry."

**{¶34}** In the case *sub judice*, Appellant filed his Notice of Appeal on January 5, 2021. In his docketing statement, he indicated that he was appealing from the trial court's December 10, 2020, Judgment Entry.

**{¶35}** However, in his first three assignments of error, Appellant challenges his sentence entered in this case on July 14, 2016. In his fourth assignment of error, he claims his counsel was ineffective for agreeing to and approving the Change of Plea form, executed on May 23, 2016.

**{¶36}** Because Appellant's appeal was filed more than 30 days after the issuance of such Entry, we find that Appellant's appeal is untimely.

**{¶37}** Moreover, the issues raised by Appellant in his four assignments of error are barred by the doctrine of *res judicata*. Appellant had the opportunity to raise the claims that he now sets forth in the instant appeal in a direct appeal. Such claims, therefore, are barred under the doctrine of *res judicata. State v. Perry,* 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967). The *Perry* court explained the doctrine as follows: "Under the doctrine of res judicata, a final judgment of conviction bars the defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that the defendant raised or could have raised at the trial which resulted in that judgment of conviction or on appeal from that judgment." *See also State v. Szefcyk,* 77 Ohio St.3d 93, 1996–Ohio–337, 671 N.E.2d 233, syllabus; *State v. Winters*, 5th Dist. Muskingum No. CT2015–0029, 2016–Ohio–622, ¶ 23, citing *State v. Jones,* 5th Dist.

Richland No. 12CA22, 2012–Ohio–4957 and *State v. Barfield*, 6th Dist. No. Nos. L–06–1262, L–06–1263, 2007–Ohio–1037, ¶ 6.

{¶38} Accordingly, the appeal from the judgment of the Court of Common Pleas of Ashland County, Ohio, is dismissed.

By: Wise, John, J.

Gwin, P. J., and

Wise, Earl, J., concur.


JWW/kw 0812