[Cite as *State v. Lawless*, 2024-Ohio-42.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Patricia A. Delaney, J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 23-COA-012 |
| RICHARD J. LAWLESS | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING:    Criminal appeal from the Ashland County Court of Common Pleas, Case No. 15-CRI-178

JUDGMENT:    Affirmed

DATE OF JUDGMENT ENTRY:    January 9, 2024

APPEARANCES:

For Plaintiff-Appellee

CHRISTOPHER R. TUNNELL
Ashland County Prosecutor
110 Cottage Street, Third Floor
Ashland, OH 44805

Defendant-Appellant

RICHARD J. LAWLESS, Pro Se
Grafton Correctional Institution
2500 South Avon Belden Road
Grafton, OH 44044

*Gwin, P.J.*

{¶1} Appellant Richard J. Lawless appeals the June 8, 2023 judgment entry of the Ashland County Court of Common Pleas. Appellee is the State of Ohio.

*Facts & Procedural History*

{¶2} On October 30, 2015, the Ashland County Grand Jury returned an indictment against appellant on thirty-nine (39) counts. Those charges included: engaging in a pattern of corrupt activity, a felony of the first degree, complicity to trafficking in heroin, a felony of the first degree, complicity to trafficking in cocaine, a felony of the first degree, illegal assembly or possession of chemicals for the manufacture of drugs, a felony of the third degree, trafficking in heroin, a felony of the fifth degree, aggravated burglary, a felony of the first degree, felonious assault, a felony of the second degree, abduction, a felony of the third degree, and having weapons while under disability, a felony of the third degree. The indictment also included numerous specifications.

{¶3} On May 23, 2016, appellant pled no contest to all thirty-nine (39) counts. Appellant also pled to a forfeiture specification. On that date, appellant signed a plea agreement. He also signed a waiver of constitutional rights and plea of no contest form. The plea agreement was as follows: appellant would enter a no contest plea to the indictment, a jointly recommended prison sentence of twenty (20) years of which fourteen (14) were mandatory, a joint recommendation that the sentence to be imposed be concurrent to appellant's case in Wayne County, and the forfeiture of the property contained in the indictment with the exception of two vehicles. The agreement left all other matters relating to sentencing sanctions to the trial court.

**{¶4}** The trial court accepted appellant's guilty plea on May 23, 2016, and scheduled a sentencing hearing. At the sentencing hearing on July 5, 2016, the trial court sentenced appellant to an aggregate prison term of twenty (20) years and ordered the forfeiture of real and personal property as listed in the forfeiture specification. The trial court also ordered his sentence to be run concurrently to the sentence appellant was already serving in Wayne County. The trial court's sentence was memorialized in a judgment entry dated July 14, 2016.

**{¶5}** Appellant filed a notice of appeal on August 1, 2016. *State v. Lawless*, 16-COA-030. The trial court appointed appellate counsel on August 16, 2016. Appellate counsel filed a motion for preparation of transcripts at the State's expense on September 9, 2016. This Court granted appellant's motion for transcripts on September 12, 2016. The record was transmitted to this Court from the trial court on November 10, 2016.

**{¶6}** Appellant filed a motion to remove his court-appointed appellate counsel on November 9, 2016. We granted his motion on November 18, 2016. Appellant failed to file a merit brief in that case. Accordingly, on January 3, 2017, this Court dismissed appellant's direct appeal for lack of prosecution.

**{¶7}** Appellant filed a motion to reopen his appeal pursuant to Appellate Rule 26(B) on February 27, 2017. Appellee filed a response on March 8, 2017. We denied appellant's motion on March 23, 2017.

**{¶8}** Appellant filed numerous pro se motions in June and July of 2019, including: motion to vacate sentence and dismiss case due to manifest injustice, motion to dismiss due to speedy trial violations, motion for inventory and return of all property listed in the indictment, and motion to dismiss due to plain error and insufficiency of indictment.

{¶9} Appellant filed a "motion for sentencing and issuance of a final appealable order" on August 20, 2020. Appellant also filed an "Addendum in Support of New Sentencing Hearing" on August 31, 2020. The trial court denied the motions on December 10, 2020. Appellant filed an appeal of the trial court's December 10, 2020 judgment entry and assigned the following as error: the trial court did not issue a final appealable order, the trial court cannot forfeit the property without a final appealable order, the trial court cannot forfeit property without a finding of guilt in the sentencing record when a defendant pleads no contest, and appellant's trial counsel was ineffective.

{¶10} In *State v. Lawless*, 5th Dist. Ashland No. 21 COA 001, 2021-Ohio-2828, we overruled appellant's assignments of error. First, we found that in his first three assignments of error, appellant challenged his sentence entered on July 14, 2016, and in his fourth assignment of error he claims his counsel was ineffective for approving the May 23, 2016 plea agreement. Because appellant filed his appeal more than thirty days after the issuance of the 2016 entries, we found appellant's appeal was untimely. Second, we found the issues raised by appellant in his four assignments of error were barred by the doctrine of res judicata.

{¶11} On April 10, 2023, appellant filed two motions: (1) a motion to modify the collection of costs pursuant to R.C. 2947.23 and (2) a motion to vacate judgment of forfeiture pursuant to R.C. 2933.43. In his motion, appellant argued the forfeiture portion of the sentencing entry should be "nullified" because the state did not file a forfeiture petition pursuant to R.C. 2933.43. In his motion, appellant conceded that the property seized was listed in the indictment. Appellee filed a response to appellant's motion on April 12, 2023, arguing that R.C. 2933.43, the statute appellant relied on in his motion,

was repealed years before appellant was indicted in this case. Appellant filed a reply brief on May 8, 2023. He added additional arguments that were not contained in his original motion, as follows: the trial court failed to comply with Criminal Rule 11, the trial court failed to issue a final appealable order, the trial court did not follow the correct forfeiture proceeding, the trial court did not comply with Criminal Rule 32, the trial court's sentencing entry conflicts with the sentencing hearing on forfeiture, and appellant did not properly waive his right to a jury. Appellee filed a motion to strike the reply brief because it contained new arguments not contained his original motion.

{¶12} On June 8, 2023, the trial court issued a judgment entry denying appellant's motion to modify the collection of costs and denying appellant's motion to vacate judgment of forfeiture.

{¶13} Appellant appeals the June 8, 2023 judgment entry of the Ashland County Court of Common Pleas and assigns the following as error:

{¶14} "I. THE TRIAL COURT ABUSED ITS DISCRETION IN PLAIN ERROR IN REFUSING TO PROVIDE CORRECTIVE DUE PROCESS AND RULE ON APPELLANT'S POST-SENTENCING MOTIONS TO WITHDRAW NO CONTEST PLEA UNDER CRIMINAL RULE 32.1, ENTERED TO THE STATES' INDICTED CRMINAL DRUG CHARGES AND FORFEITURE SPECIFICATIONS WHERE THE OHIO RULES OF CRIMINAL PROCEDURE PERMITTED SUCH MOTIONS TO BE BROUGHT AT ANY TIME, VIOLATED APPELLANT'S EQUAL PROTECTION OF THE LAW AND DUE PROCESS GUARANTEES UNDER THE 14TH AMENDMENT TO THE UNITED STATES CONSITUTION, AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION.

{¶15} "II. THE TRIAL COURT ABUSED ITS DISCRETION IN PLAIN ERROR WHEN FAILING TO PROVIDE CORRECTIVE DUE PROCESS PROCEUDRES PURSUANT TO OHIO REVISED CODE SECTION 2953.21, 2953.23, APPLICABLE TO APPELLANT'S POST-SENTENCING MOTION TO VACATE THE FORFEITURE ORDER AS BEING CONSTRUED AS A POST-CONVICTION APPLICATION, WHEREIN APPELLANT SET FORTH SUBSTANTIVE FACTS WARRANTING A HEARING. THIS DEPRIVED APPELLANT'S EQUAL PROTECTION OF THE LAW AND DUE PROCESS UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION."

I.

{¶16} In his first assignment of error, appellant contends the trial court "failed to rule" on his motions regarding Criminal Rule 32, Criminal Rule 11, jury waiver, and motion to withdraw plea, and instead "struck" these motions from the record. However, the trial court did not "strike" any motions from the record. Appellant did not file any motions regarding these issues. Rather, he made these arguments in the reply brief in support of his motion to vacate forfeiture. As this Court has repeatedly held, reply briefs are "restricted to matters in rebuttal, not new arguments." *Bank of New York Mellon v. Crates*, 5th Dist. Licking No. 15-CA-70, 2016-Ohio-2700. Accordingly, the trial court did not commit error in not addressing these arguments in its June 8, 2023 judgment entry.

II.

{¶17} Appellant makes several arguments in his second assignment of error. A trial court's decision denying a post-trial motion is generally reviewed for an abuse of discretion. *State v. Lanham*, 5th Dist. Coshocton No. 2022 CA 0003, 2022-Ohio-2014.

{¶18} Appellant first contends the trial court "failed to construe his motion to vacate" as an "attack on a judgment entered" and "thus [it] should have been construed as being a post-conviction petition." Appellant's motion asked the trial court to vacate the forfeiture entry pursuant to a specific forfeiture statute, not a post-conviction statute. Further, the documents attached to appellant's April 10th motion were items contained in the trial court proceedings and contained no evidence outside the record.

{¶19} Further, even if the trial court failed to properly consider appellant's motion as a petition for post-conviction relief, we find no error in the denial of such petition. Pursuant to R.C. 2953.21, appellant had three hundred sixty-five days after the date on which the trial transcript was filed in the court of appeals in the direct appeal of the conviction to file a timely post-conviction petition. Though appellant's direct appeal was ultimately dismissed, the trial transcript was filed with this Court on November 14, 2016. Appellant's motion filed on April 10, 2023 was filed longer than three hundred sixty-five days after November 14, 2016. Pursuant to R.C. 2953.23, the trial court could not entertain a petition for post-conviction relief past this deadline unless appellant demonstrates that either R.C. 2953.23(A)(1) or (2) applies. Appellant made no such demonstration in his April 10th motion.

{¶20} Appellant also contends the trial court "refused" to entertain his motion about conducting an independent forfeiture proceeding. However, the trial court did entertain his motion, and denied it based upon the doctrine of res judicata. We agree with the trial court that appellant's arguments regarding the forfeiture judgment are barred by the doctrine of res judicata. The sentencing judgment entry dated July 14, 2016 ordered the subject property to be forfeited, and specifically listed each item that was

subject to forfeiture due to appellant's no contest plea to the forfeiture specification contained in the indictment. Appellant had the opportunity to raise any objections to the forfeiture procedure in a direct appeal. Such claims, therefore, are barred under the doctrine of res judicata. *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967). The *Perry* court explained the doctrine as follows, "under the doctrine of res judicata, a final judgment of conviction bars the defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that the defendant raised or could have raised at the trial which resulted in that judgment of conviction or on appeal from that judgment."

{¶21} Further, as noted by appellee in its brief in opposition to the motion, the statute appellant based his motion on was repealed in 2006, before appellant was indicted in this case. R.C. 2981.04 permits the prosecutor to include a forfeiture specification in the charging instrument, which was done in this case. Appellant specifically agreed to the forfeiture specification in his written plea agreement filed on May 24, 2016.

{¶22} Appellant again makes arguments about his "motion to withdraw guilty plea" pursuant to Criminal Rule 32. As noted above, no such motion was filed by appellant, and the judgment entry appellant appealed from in this case deals with the trial court's denial of his motion to vacate forfeiture petition. Appellant did mention Criminal Rule 32 in his reply to the motion to vacate forfeiture petition. However, as detailed above, reply briefs are restricted to matters in rebuttal, not new arguments. Further, the arguments made by appellant in his reply brief that were not contained in the original motion (failure to comply with Criminal Rule 11, failure to issue a final appealable order, failure to comply with Criminal Rule 32, failure to comply with forfeiture statute, the sentencing entry

conflicted with the hearing, failure to properly waive right to jury) were all arguments that appellant could have raised in his direct appeal and are barred under the doctrine of res judicata.

{¶23} Based on the foregoing, appellant's assignments of error are overruled. The June 8, 2023 judgment entry of the Ashland County Court of Common Pleas is affirmed.

By Gwin, P.J,

Delaney, J., and

Baldwin, J., concur