[Cite as *State v. Lawless*, 2026-Ohio-2071.]

IN THE OHIO COURT OF APPEALS
FIFTH APPELLATE DISTRICT
ASHLAND COUNTY, OHIO

STATE OF OHIO

    Plaintiff – Appellee

-vs-

RICHARD J. LAWLESS

    Defendant - Appellant

Case Nos. 25-COA-035
25-COA-036

<u>Opinion And Judgment Entry</u>

Appeal from the Ashland County Court of Common Pleas, Case No. 15-CRI-178

Judgment:  Affirmed

Date of Judgment Entry: June 3, 2026

BEFORE:    Andrew J. King, William B. Hoffman, and Kevin W. Popham, Judges

APPEARANCES: Christopher R. Tunnell (Prosecuting Attorney), James B. Reese, III (Assistant Prosecuting Attorney), for Plaintiff-Appellee; Richard J. Lawless, Pro Se Appellant

OPINION

*Popham, J.,*

{¶1} Appellant Richard J. Lawless appeals the November 13, 2025, and November 19, 2025, judgment entries of the Ashland County Court of Common Pleas. For the following reasons, we affirm.

*Facts & Procedural History*

{¶2} On October 15, 2015, the Ashland County Grand Jury indicted Lawless on thirty-nine counts, including engaging in a pattern of corrupt activity, complicity to trafficking in heroin, illegal assembly or possession of chemicals for the manufacture of

drugs, aggravated burglary, felonious assault, abduction, and having weapons while under disability. The indictment also included numerous specifications.

{¶3} On May 23, 2016, Lawless entered no contest pleas to all thirty-nine counts and to a forfeiture specification. That same day, he signed a plea agreement, a waiver of constitutional rights, and a plea of no contest form. Under the plea agreement, Lawless agreed to plead no contest to the indictment in exchange for a jointly recommended prison sentence of twenty years, fourteen years of which were mandatory. The parties also jointly recommended that the sentence run concurrently with Lawless' sentence in Wayne County and agreed to the forfeiture of the property listed in the indictment, except for two vehicles. All remaining sentencing matters were left to the discretion of the trial court.

{¶4} On May 23, 2016, the trial court accepted Lawless' plea. At the July 5, 2016, sentencing hearing, the court imposed an aggregate prison term of twenty years, ordered forfeiture of the real and personal property listed in the forfeiture specification, and directed that the sentence run concurrently with Lawless' Wayne County sentence. On July 14, 2016, the trial court issued a judgment entry memorializing the sentence.

{¶5} On August 1, 2016, Lawless filed a notice of appeal - *State v. Lawless*, 16-COA-030. On August 16, 2016, the trial court appointed appellate counsel, who, on September 9, 2016, filed a motion for preparation of transcripts at the State's expense. On November 10, 2016, the trial court transmitted the record to this Court.

{¶6} On November 9, 2016, Lawless moved to remove his court-appointed appellate counsel. On November 18, 2016, this Court granted the motion. Lawless subsequently failed to file a merit brief, and his direct appeal was dismissed for lack of prosecution. He later filed a motion to reopen the appeal, which this Court denied.

{¶7} In 2017, Lawless filed a motion to perform community service in lieu of paying court costs and fees. On April 6, 2017, the trial court denied the motion.

{¶8} In 2019, Lawless filed numerous pro se motions, including: motion to vacate sentence and dismiss case due to manifest injustice, motion to dismiss due to speedy trial violations, motion for inventory and return of all property listed in the indictment, and motion to dismiss due to plain error and insufficiency of indictment. In 2020, Lawless filed a "motion for sentencing and issuance of a final appealable order." On December 10, 2020, the trial court denied Lawless' 2019 and 2020 motions.

{¶9} Lawless appealed the December 10, 2020, judgment entry, arguing that: (1) the trial court failed to issue a final appealable order; (2) the trial court lacked authority to forfeit property absent a final appealable order; (3) the court could not order forfeiture without a finding of guilt in the sentencing record; and (4) trial counsel rendered ineffective assistance. In *State v. Lawless*, 2021-Ohio-2828 (5th Dist.), this Court overruled the assignments of error, concluding the claims were barred by res judicata.

{¶10} In 2023, Lawless filed a motion to modify the collection of costs pursuant to R.C. 2947.23 and a motion to vacate forfeiture judgment. The trial court denied both motions, and this Court affirmed in *State v. Lawless*, 2024-Ohio-42 (5th Dist.).

{¶11} On October 30, 2025, Lawless filed a motion to vacate court costs or to remove costs that allegedly did not apply. He also filed a motion for resentencing and for a final appealable order, arguing that his judgment of conviction failed to comply with Criminal Rule 32(C), *State v. Baker*, 2008-Ohio-3330, and *State v. Lester*, 2011-Ohio-5204. The State opposed both motions. On November 13, 2025, the trial court denied Lawless' motion regarding court costs. On November 19, 2025, the trial court denied his motion for resentencing.

{¶12} Lawless appeals both the November 13, 2025, and November 19, 2025, judgment entries of the Ashland County Court of Common Pleas, and assigns the following as error:

{¶13} "I. THE TRIAL COURT ERRED, AND DUE PROCESS WAS DENIED, WHEN THE COURT DENIED DEFENDANT'S MOTION FOR RESENTENCING AND A FINAL APPEALABLE ORDER."

{¶14} "II. THE TRIAL COURT ERRED, AND DUE PROCESS WAS DENIED, WHEN THE COURT DENIED DEFENDANT'S MOTION THAT RAISED ISSUES REGARDING COURT COSTS ASSESSED AGAINST HIM."

## I.

{¶15} In his first assignment of error, Lawless advances four arguments: (1) the trial court never made a finding of guilt; (2) the July 2016 sentencing entry violates Criminal Rule 32(C), *Baker*, and *Lester*; (3) he was not sentenced on all counts; and (4) because of these alleged deficiencies, no final appealable order exists in this case.

{¶16} The July 2016 sentencing entry constitutes a final appealable order under Criminal Rule 32(C), *Baker*, and *Lester*, because it contains: (1) the fact of conviction, (2) the sentence, (3) the judge's signature, and (4) the clerk's time stamp. *State v. Lowe,* 2019-Ohio-5183, ¶ 19 (5th Dist.); *State v. Smith*, 2023-Ohio-327, ¶ 13 (2nd Dist.).

{¶17} Accordingly, all of the arguments Lawless makes in his first assignment of error are barred by the doctrine of res judicata because they either were raised or could have been raised on direct appeal. *State v. Horn*, 2014-Ohio-1814, ¶ 13 (5th Dist.). "Under the doctrine of res judicata, a final judgment of conviction bars the defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that the defendant raised or could have raised at the trial

which resulted in that judgment of conviction or on appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175 (1967).

{¶18} The record further demonstrates that Lawless has repeatedly raised these same arguments in prior proceedings. This Court has already determined that such claims are barred by res judicata. *State v. Lawless*, 2021-Ohio-2828 (5th Dist.); *State v. Lawless*, 2024-Ohio-42 (5th Dist.).

{¶19} Lawless' first assignment of error is overruled.

II.

{¶20} In his second assignment of error, Lawless argues that the trial court erred in denying his motion regarding costs under R.C. 2947.23(C). Lawless requested that the court waive costs, establish a payment plan, or permit community service in lieu of payment. Lawless also disputed that certain costs from 2016-2018 were appropriately assessed against him.

{¶21} R.C. 2947.23(C) provides that, "the court retains jurisdiction to waive, suspend, or modify the payment of the costs of prosecution, including any costs under section 2947.231 of the Revised Code, at the time of sentencing or at any time thereafter." However, as this Court has previously stated, "R.C. 2947.23 does not permit continuing jurisdiction over the issue of costs" and "does not open the door to multiple bites at the apple." *State v. Macksyn*, 2023-Ohio-3309, ¶ 19 (5th Dist.) "While R.C. 2947.23 allows a defendant to raise the issue of court costs once after sentencing, res judicata operates to bar successive motions seeking to relieve the defendant from paying court costs." *Id.*; *State v. Martin*, 2021-Ohio-4213, ¶ 10 (8th Dist.), *appeal not allowed*, 2022-Ohio-1163.

{¶22} Here, Lawless previously filed motions concerning costs in both 2017 and 2023. In his 2023 motion, he expressly relied on R.C. 2947.23. Both motions were denied,

and the 2023 judgment was affirmed on appeal. Lawless is now barred by res judicata from raising the same arguments, or any other argument seeking to relieve him of his obligation to pay court costs. *Id.* at ¶ 21; *State v. Martin*, 2021-Ohio-4213, ¶ 12 (8th Dist.), *appeal not allowed,* 2022-Ohio-1163; *State v. Webb*, 2020-Ohio-3132 ¶ 22 (6th Dist.), *appeal not allowed*, 2020-Ohio-4574.

{¶23} Additionally, even if we were to review the argument on the merits, we would find no abuse of discretion. A trial court's decision denying a motion to waive or vacate costs is reviewed under an abuse of discretion standard. *Macksyn*, 2023-Ohio-3309 at ¶ 19. Although a court may waive costs upon a showing of indigency (R.C. 2949.02), the authority and discretion to waive costs necessarily includes the authority and discretion to decline to do so, as the trial court did here. *Id.*; *State v. Kelly*, 2018-Ohio-5372, ¶ 19 (5th Dist.).

{¶24} Upon our review of the voluminous procedural history of this case, we cannot conclude that the trial court abused its discretion by declining to waive costs or establish a payment plan, or in its determination that the costs listed from 2016 through 2018 were appropriately assessed against Lawless. Accordingly, the trial court complied with R.C. 2947.23. *Id.*

{¶25} Lawless' second assignment of error is overruled.

{¶26} Based on the foregoing, Lawless' assignments of error are overruled.

{¶27} The judgment of the Ashland County Court of Common Pleas is affirmed.

{¶28} Costs to Appellant Richard J. Lawless.

By: Popham, J.

King, P.J. and

Hoffman, J., concur